

**FILED**

**NOVEMBER 3, 2006**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION



BRENDA ACREE, DEBRA HORNE and )
BARBARA MAYNE, on behalf of )
themselves and all other persons and entities )
similarly situated, )
    )  Case No.
    Plaintiff, )
    )
  v. )
    )
WAL-MART STORES, INC., a Delaware )
corporation, and ANDERSON )
MERCHANDISERS, LP, a Delaware )
corporation, )
    )
    Defendants. )

06CV6007
JUDGE HIBBLER
MAGISTRATE JUDGE COLE

FILED
NOV 0 3 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1332, 1446, and 1453, Defendant Wal-Mart Stores, Inc.,

("Wal-Mart") files this Notice of Removal of the lawsuit titled *Acree et al v. Wal-Mart Stores,*

*Inc.*, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery

Division, Case No. 06 CH 19481 (the "State Court Action"). As grounds for removal, Wal-Mart

states as follows:

### General Requirements

1. On September 19, 2006, Plaintiffs filed their Complaint in the State Court Action.

2. Wal-Mart was formally served with process through its registered agent on October 4,

2006.

3. Accordingly, Wal-Mart's Notice of Removal is timely filed within the thirty days

prescribed in 28 U.S.C. Section 1446(b).

4. The Complaint, Summons, Motion for Class Certification, Motion for Preservation of

Documents and Proposed Order for Preservation of Documents, and Notice of Filing constitute

all process, pleadings, and orders filed in the State Court Action and they are all process, pleadings, and orders received by Wal-Mart. A true copy of the Complaint is attached hereto as Exhibit A. A true copy of the Summons is attached hereto as Exhibit B. A true copy of the Motion for Class Certification is attached as Exhibit C. A true copy of the Motion for Preservation of Documents and Proposed Order are attached as Exhibit D. A true copy of the Notice of Filing is attached hereto as Exhibit E. A true copy of the Docket Sheet in the State Court Action is attached hereto as Exhibit F.

5. Venue is proper in this Court because the state court and the court in which the Complaint is pending lie within the district and division of this federal court.

6. Wal-Mart has filed a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, and has served copy of this Notice on all parties pursuant to 28 U.S.C. Section 1446(d).

7. A filing fee of $350 has been tendered to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

### Statement of Grounds for Removal

8. Removal of this putative class action is appropriate under 28 U.S.C. Sections 1332(d) and 1453(b), which were amended and added, respectively, by the recently enacted Class Action Fairness Act of 2005 (the "CAFA"), 109 P.L. 2 (2005). CAFA was signed into law on February 18, 2005, and applies to any civil action commenced on or after that date. *Id* at § 9.

9. CAFA provides that a class action may be removed to a district court of the United States in accordance with 28 U.S.C. Section 1446 if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and, among other conditions not relevant here, any member of a class of plaintiffs is a citizen of a State different from any defendant. CAFA at §§ 4-5; 28 U.S.C. §§ 1332(d), 1453(b).

10. The State Court Action meets all of the requirements for removal under CAFA.

a. Plaintiffs' Complaint in the State Court Action was filed after the enactment of CAFA.

b. Plaintiffs are citizens of a different state than Wal-Mart. Wal-Mart is informed and believes that Plaintiffs were, at the time of the filing of the State Court Action, and still are, citizens of the State of Illinois and Alabama. (*See* Complaint, Ex. A ¶¶ 1-3.) Wal-Mart was, at the time of the filing of the State Court Action, and still is, incorporated under the laws of the State of Delaware, having its principal place of business in the State of Arkansas. (*Id.* ¶ 4.)

c. Wal-Mart is informed and believes that the matter in controversy exceeds the sum of $5,000,000. Plaintiffs' Complaint alleges that Wal-Mart "allowed CDs to be sold that contained explicit content but that did not contain an 'explicit content' and/or 'parental advisory' warning label." (*Id.* Introductory Statement and Background.) Plaintiffs allege that the putative class consists of "hundreds of thousands" of people who purchased at least one music recording from a Wal-Mart store and/or downloaded at least one song placed on the Internet by Wal-Mart. (*See id.* ¶¶ 30-31.) Based upon Plaintiffs' allegations, this action meets or exceeds the jurisdictional amount under CAFA to confer jurisdiction on this Court.

11. Though its consent is not required for removal under CAFA, Defendant, Anderson Merchandisers, L.P. consents to this removal.

12. All conditions and procedures for removal have been satisfied.

Dated this 3rd day of November 2006.

Respectfully submitted,
GREENBERG TRAURIG, LLP


Ruth A. Bahe-Jachna (ARDC #6200855)
Collin B. Williams (ARDC #6284263)
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

Attorney for Defendant
Wal-Mart Stores, Inc.

## **CERTIFICATE OF SERVICE**

I, Collin B. Williams, an attorney, certify that on November 3, 2006, I caused true and

correct copies of the foregoing **Notice of Removal** to be served on the following:

Counsel for Plaintiffs

      Larry D. Drury, Esq.
      Larry D. Drury, Ltd.
      205 West Randolph, Suite 1430
      Chicago, IL 60606

by messenger delivery before the hour of 5:00 p.m.

Counsel for Defendant, Anderson Merchandisers, L.P.

      Joel T. Galanter
      Adams and Reese LLP
      424 Church Street, Suite 2800
      Nashville, TN 37219

by the U.S. Mail

Local Counsel for Defendant, Anderson Merchandisers, L.P.

      Jim Morgan
      Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
      191 N. Wacker Drive, Suite 1800
      Chicago, IL 60606

by messenger delivery before the hour of 5:00 p.m

                                    Collin B. Williams
                                    GREENBERG TRAURIG, LLP
                                    77 West Wacker Drive, Suite 2500
                                    Chicago, Illinois 60601
                                    Telephone: (312) 456-8400
                                    Fax: (312) 456-8435

Dated: November 3, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA ACREE, DEBRA HORNE and BARBARA MAYNE, on behalf of themselves and all other persons and entities similarly situated, | ) ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WAL-MART STORES, INC., a Delaware corporation, and ANDERSON MERCHANDISERS, LP, a Delaware corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## CORPORATE DISCLOSURE STATEMENT

Defendant Wal-Mart Stores, Inc., by its undersigned counsel, files this Corporate Disclosure Statement in compliance with Rule 7.1 of the Federal Rules of Civil Procedure and Rule 3.2 of the Local Rules of Procedure for the Northern District of Illinois. Wal-Mart Stores, Inc. is a Delaware corporation; it has no parent corporations, and no publicly held company owns 10% or more of its stock.

Dated this 3rd day of November 2006.

Respectfully submitted,
GREENBERG TRAURIG, LLP

Ruth A. Bahe-Jachna (ARDC #6200855)
Collin B. Williams (ARDC #6284263)
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

Attorney for Defendant
Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE

I, Collin B. Williams, an attorney, certify that on November 3, 2006, I caused true and correct copies of the foregoing **Corporate Disclosure Statement** to be served on the following:

Counsel for Plaintiffs

    Larry D. Drury, Esq.
    Larry D. Drury, Ltd.
    205 West Randolph, Suite 1430
    Chicago, IL 60606

by messenger delivery before the hour of 5:00 p.m.

Counsel for Defendant, Anderson Merchandisers, L.P.

    Joel T. Galanter
    Adams and Reese LLP
    424 Church Street, Suite 2800
    Nashville, TN 37219

by the U.S. Mail

Local Counsel for Defendant, Anderson Merchandisers, L.P.

    Jim Morgan
    Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
    191 N. Wacker Drive, Suite 1800
    Chicago, IL 60606

by messenger delivery before the hour of 5:00 p.m

        Collin B. Williams
        GREENBERG TRAURIG, LLP
        77 West Wacker Drive, Suite 2500
        Chicago, Illinois 60601
        Telephone: (312) 456-8400
        Fax: (312) 456-8435

Dated: November 3, 2006

# EXHIBIT A

2006-21795    commercial

(18)

Mark
Taylor
Robert
Stephens

## CT CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/04/2006
Log Number 511533442

**TO**   Sheron Young, Operations Manager Legal Department
Wal-Mart Stores Inc
702 SW 8th Street
Bentonville AR, 72716

**RE:**   **Process Served in Delaware**

**FOR**   Wal-Mart Stores, Inc (Domestic State DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS**

| | |
|---|---|
| **TITLE OF ACTION** | Brenda Acree Debra Home and Barbara Mayne on behalf of themselves and all other persons and entities similarly situated, Pltfs vs Wal-Mart Stores, Inc etc, et al, Dfts |
| **DOCUMENT(S) SERVED** | Summons Class Action Complaint |
| **COURT/AGENCY** | Cook County Circuit Court IL Case # 06CH19481 |
| **NATURE OF ACTION** | Defendant violated its practice and policy by allowing CDs to be sold that contained explicit content but that did not contain an explicit content or parental advisory warning label |
| **ON WHOM PROCESS WAS SERVED** | The Corporation Trust Company Wilmington, DE |
| **DATE AND HOUR OF SERVICE** | By Process Server on 10/04/2006 at 13 25 |
| **APPEARANCE OR ANSWER DUE** | Within 30 days |
| **ATTORNEY(S) / SENDER(S)** | Larry D Drury Larry D Drury, Ltd 205 West Randolph Suite 1430 Chicago IL 60606 312-346-7950 |
| **ACTION ITEMS** | SOP Papers with Transmittal via Fed Ex Priority Overnight, 798012800482 |
| **SIGNED** | The Corporation Trust Company |
| **PER** | Scott LaScala |
| **ADDRESS** | 1209 Orange Street Wilmington DE, 19801 |
| **TELEPHONE** | 302-658-7581 |

**RECEIVED**

OCT 05 2006

Legal Intake By _____

Information displayed on this transmittal is for CT Corporation s record keeping purposes only and is provided to the recipient for quick reference This information does not constitute a legal opinion as to the nature of action the amount of damages the answer date or any information contained in the documents themselves Recipient is responsible for interpreting said documents and for taking appropriate action Signatures on certified mail receipts confirm receipt of the package only not of its contents

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

BRENDA ACREE, DEBRA HORNE and )
BARBARA MAYNE, on behalf of themselves )
and all other persons and entities similarly situated, )
)
             Plaintiff, )
)
    vs. )
)
WAL-MART STORES, INC., a Delaware )
corporation, and ANDERSON )
MERCHANDISERS, LP, a Delaware )
corporation, )
)
          Defendants. )

No. **06CH19481**

FILED-4 2006 SEP 19 PM 12: 18
DOROTHY BROWN CLERK
CIRCUIT COURT OF COOK COUNTY, ILLINOIS CHANCERY DIV.

## CLASS ACTION COMPLAINT

Plaintiffs, BRENDA ACREE, ("ACREE"), DEBRA HORNE, ("HORNE"), and

BARBARA MAYNE, ("MAYNE"), on behalf of themselves and all other persons and entities

similarly situated, by and through their attorneys, LARRY D. DRURY, LTD., complain against

Defendant, WAL-MART STORES, INC. ("WAL-MART"), and ANDERSON

MERCHANDISERS, LP, ("ANDERSON"), as follows:

### INTRODUCTORY STATEMENT AND BACKGROUND

This case is brought against the nation's top seller of compact discs and tapes due to a

deceptive advertisement campaign whereby music, including records, tapes and/or compact discs

of numerous recording artists, are sold to the public under the endorsement these same records

contain no explicit language when, in fact, they do.

WAL-MART has a very well known, self-promoted and public policy of not selling

compact discs that contain "Parental Advisory - Explicit Content" labels. On information and

belief, WAL-MART, prior to their purported internet disclaimer of 2004 and Plaintiffs'

purchases herein, censored or "dubbed out" explicit content on free samples it made available

both in the aisles of the music sections of its stores and on the www.walmart.com website.

Nonetheless, these free "samples" were not "samples" at all, in that the samples were wholly

inaccurate and misleading – when a consumer bought the actual album (or even potentially

downloaded a particular song) the explicit content had not been censored or "dubbed out" on the

purchased music. Infuriating to consumers, WAL-MART has an express policy that once a CD

is opened it cannot be returned. WAL-MART thus knew or should have known that certain CDs

contained explicit content not suitable for public consumption through its website or stores and

yet it continued to allow the sale of such CDs. WAL-MART explained in a public relations

statement that walmart.com is a different division of WAL-MART.

Further, WAL-MART, on information and belief, and at all times relevant herein,

contracted with Anderson Merchandisers, as its supplier of recorded music and agent who is

responsible for monitoring, managing and editing the music supplied to WAL-MART stores for

explicit content. As a result of WAL-MART's self-proclaimed practice and policy of not selling

CD's with "explicit content" and/or "parental advisory label", their sampling of CD's and WAL-

MART's agent, Anderson Merchandising's monitoring, managing and editing of CD's for

explicit content, all as alleged herein, WAL-MART knew or should have known that CDs which

they sold to the Plaintiffs and the Class contained explicit content not suitable for public

consumption.

In essence, WAL-MART violated its practice and policy as alleged herein by allowing

CDs to be sold that contained explicit content but that did not contain an "explicit content" or

"parental advisory" warning label. This worked to dupe the very consumers who have come to

trust and rely on WAL-MART as a "family friendly" store. As one non-profit group recently

noted:

> "Customers have come to count on WAL-MART as an extra line of defense when
> protecting their children from corrupting media influences," said Robert Knight, director
> of Concerned Women for America's Culture & Family Institute. "But clearly, this is a
> line of protection parents can no longer count on."
>
> While we would expect such CDs to slip onto WAL-MART's shelves because record
> labels and distributors neglect adding the Parental Advisory label, either intentionally and
> unintentionally, we remain disappointed with the indifferent response of the WAL-
> MART spokesman.
>
> We encourage WAL-MART to take this issue seriously, and remove the CD from its
> shelves nationwide until an edited version is made available," he added. "And at the very
> least to remove the edited song sample from its website that implies that WAL-MART is
> marketing a cleaned-up version of the song."[1]

After a lawsuit was filed against WAL-MART in 2004 in Maryland concerning the

explicit content of their CD's, and as an additional indica of WAL-MART's knowledge of CDs'

explicit content, WAL-MART added the following self-serving disclosures on

www.walmart.com which is contrary to what occurred prior to the 2004 lawsuit, and which

displays both control and feasibility by this Defendant as to the sale of its CD's:

> The Parental Advisory program is a voluntary program created and administered by the
> Recording industry Association of America (RIAA). Under the Parental Advisory
> program, individual record companies, working with their artists, decide which of their
> releases should be labeled with a Parental Advisory Label. Recordings identified with the
> Parental Advisory Label may contain strong language or depictions of violence, sex or
> substance abuse. Wal-Mart Stores, Sam's Club and Walmart.com (collectively "Wal-
> Mart") do not carry recordings designated with the Parental Advisory Label.

---

[1]See *"Wal-Mart Buyer Beware"* dated 1/19/2005 by Martha Kleder, Concerned Women
for America, 1015 Fifteenth St. N.W., Suite 1100, Washington, DC 20005
(http://www.cultureandfamily.org/articledisplay.asp?id=7272&department=CFI&categoryid=por
nography).

Sometimes, record companies will release an edited version of a recording designed with the Parental Advisory Label. Such recordings are identified with an Edited notice which alerts customers that the recording has been modified by the record company from the original and does not include all of the same content contained in the labeled version. The use of the Edited notice does not necessarily mean that all content that all listeners might find objectionable has been removed from the recording. Wal-Mart carries certain recordings designated as Edited and marks these recordings as such on the applicable album or item page of the Walmart.com website.

Wal-Mart does not display album or song titles that contain profanity on the Walmart.com website. Wal-Mart does not edit recordings or 30-second sample clips offered in stores or on the Walmart.com website. Wal-Mart selects 30-second sample clips such that only clips that do not contain profanity are made available to customers. However, other portions of the recordings may contain profanity, and the 30-second sample clips or the recording as a whole may be deemed by some customers to be offensive, indecent or objectionable.

Occasionally, Wal-Mart may refuse to stock music merchandise that may not seem appropriate. However, Wal-Mart may carry some recordings that some customers might find offensive, indecent or objectionable. Parents are always encouraged to review the merchandise their children purchase from Wal-Mart to ensure it meets their own standards.

http://www.walmart.com/catalog/catalog.gsp?cat=195963&path=0%3A4104%3A195963

## THE PARTIES

1.  Plaintiff, BRENDA ACREE is an adult residing in Green County, Illinois.

2.  Plaintiff, BARBARA MAYNE is an adult residing in Blue Mountain, Calhoun County, Alabama.

3.  Plaintiff, DEBRA HORNE, is an adult residing in Blue Mountain, Calhoun County, Alabama.

4.  Defendant, WAL-MART is a Delaware corporation with its principal place of business at 701 South Walton, Bentonville, Arkansas 72716.

5.  Defendant, ANDERSON, is a Delaware corporation with its principal place

-4-

of business at 421 East 34th Avenue, Amarillo, TX.

6.     Defendant, WAL-MART is engaged, *inter alia*, in the sale and/or distribution of music CDs to the public in Illinois and Alabama.

## JURISDICTION

7.     This Court has subject matter jurisdiction over this action because Defendant regularly engages in the sale and distribution of products to Illinois consumers, as well as consumers throughout the United States.

## VENUE

8.     Venue is proper in this District because the Defendant is a non-resident of Illinois, the Defendant regularly transacts business in the State of Illinois, and Plaintiff, ACREE is a resident of the State of Illinois.

## FACTS APPLICABLE TO ALL COUNTS

9.     The music industry as a whole, through the Recording Industry Association of Artists in 1985 and in response to pressure from Congress, the National Parent Teacher Association and the Parents Music Resource Center (which was founded by Tipper Gore) reached an agreement regarding explicit language and "Parental Advisory Labels." Specifically, the agreement stated that "music releases which contain explicit lyrics, including explicit depictions of violence and sex, be identified so parents can make intelligent listening choices for the children."[2]

---

[2]Specifically, Hilary Rosen, President and CEO of the RIAA, in a statement dated April, 2000 is quoted as saying:

"The recording industry takes seriously our responsibility to help parents identify music with explicit lyrics. We believe that not all music is right for all ages and our Parental Advisory

10.    The CD sold to the public as *Power Mix Non Stop Hits* ("Power Mix"), is a compilation album of hits from different artists performed by The Countdown Singers. *Power Mix* did not have the "Parental Advisory Label". Among other things, a song on track number 3, *Hypnotize* contains explicit lyrics such as: "GIRLS WALK TO US, WANNA DO US, SCREW US" "HITS AND BRAS, MENAGE-A-TROIS IN EXPENSIVE CARS", amongst other explicit language.

11.    The CD sold to the public as *Tool - 10,000 Days* ("Tool"), did not have the "Parental Advisory Label". Among other things, a song on track number 8, *Rosetta Stone*d contains explicit lyrics such as: "...and me yelping 'holy fu****' sh**!" and "...I pissed my fu**** pants!!" and "God Da**. Sh** the bed again," amongst other explicit language . In addition, the CD included, as part of its packaging, 3-D glasses to view explicit images contained within the CD, one being a nude woman.

12.    Upon information and belief, WAL-MART, its agents and employees, including, but not limited to ANDERSON,  knew or should have known the explicit lyrics in the songs *Hypnotize* and *Rosetta Stoned* based on its policy and practices aforesaid.

13.    Upon information and belief, the practice of Defendants and the music industry as a whole is to do what is commonly referred to as "mixing" over explicit lyrics so that the explicit lyrics are not discernable.  In fact, it is believed that Defendants have "mixed" over the explicit

---

Label was created for just that reason.  Parents can use the label to identify music that may not be appropriate for their children and make the choice about when - and whether - their children should be able to have that recording.  Music can also be an opportunity - an outlet for parents or other adults to talk to kids and an opportunity for adults to tune into what kids are thinking and feeling.  Listen (sic) to the music they choose and ask them why they like a certain song or album.  What do they think the artist is saying?"

lyrics on its website and other domains/advertising sections it has held open to the public. WAL-MART represents to consumers that it will not sell CDs with Parental Advisory Labels because the 'content' is inappropriate for 'family'. WAL-MART disclaims that it cannot 'screen' or 'block' all 'content' but WAL-MART'S sale of the CD to consumers was deceptive and negligent, et al. because WAL-MART and ANDERSON knew or should have known of the inappropriate content based upon its policy and practices, aforesaid. Further, WAL-MART knew or should have known of the inappropriate content through its exclusive music supplier and agent, ANDERSON, who, among other things, monitors, manages and edits the supply of recorded music to WAL-MART for explicit content. The deception and negligence, et al., in part, is that the CD's possessed 'characteristics'/'qualities' (content did not contain explicit language) that it did not, i.e., Defendants knew or should have known that the CDs did not meet their own standard, particularly, in that WAL-MART sells the same CDs on the internet. Further, on information and belief, Defendants had no warning in its stores as to the explicit language content as to its CDs and other recorded music.

14.     On or about December, 2005, the Plaintiff, ACREE purchased a copy of *Power Mix Non Stop Hits* at a WAL-MART retail store in Jacksonville, Illinois.

15.     On or about May 10, 2006, the Plaintiff, HORNE purchased a copy of *Tool - 10,000 Days* for her granddaughter at the WAL-MART Super Center in Anniston, Alabama.

16.     On or about May, 2006, the Plaintiff, MAYNE's 7 year old son purchased a copy of *Tool - 10,000 Days* at the WAL-MART Super Center in Anniston, Alabama.

17.     The subject CDs did not contain a "Parental Advisory Label", nor on information and belief, did WAL-MART disclaim or disclose the explicit content of *"Hypnotize"* nor

-7-

"*Rosetta Stoned* in its stores.

18. WAL-MART, its subsidiaries and/or affiliates have a long-standing and known policy of not selling music that contains lyrics with explicit language.

19. WAL-MART on occasion, has requested that artists and recording companies change objectionable lyrics and CD covers. When artists and/or record labels refuse to change lyrics and/or CD covers, WAL-MART refuses to sell the CDs.

20. For example, when Sheryl Crow released an album in 1996, WAL-MART objected to the lyrics "Watch out sister/Watch out brother/Watch our children as they kill each other/with a gun they bought at the Wal-Mart discount stores" in the song *Love is a Good Thing*.

21. Upon information and belief, WAL-MART required John Cougar Mellencamp to airbrush images of Jesus Christ and a devil on the cover of his album *Mr. Happy/Go Lucky* when that album was released and also required the grunge group Nirvana to change its song title from *Rape Me* to "Waif Me" for the WAL-MART version.

22. WAL-MART makes its policy regarding screening and/or censorship of the music it stocks known to the public, including Illinois and Alabama consumers. WAL-MART has a very well known, self-promoted and public policy of not selling CDs that contain a "Parental Advisory - Explicit Content" label.[3]

23. Upon information and belief, Defendants' purported screening and censorship

---

[3]Since the filing of the 2004 Maryland lawsuit, Wal-Mart has added significant disclosures and changed its sampling process by, among other things, no longer censoring explicit lyrics on its free samples as it had in the past. Plaintiff believes that such actions show control and feasibility by Defendants and are thus admissible. However, although Wal-Mart no longer edits, the free samples they select are non-explicit samples from products it knows contain explicit content.

policy directly or indirectly contributes to its being the nation's largest distributor of CD music.

24.     Contrary to the implied and/or expressed material representations that the subject CDs contained no explicit language, it contains, *inter alia*, a track called *Hypnotize* which contains lyrics as follows: "GIRLS WALK TO US, WANNA DO US, SCREW US" "HITS AND BRAS, MENAGE-A-TROIS IN EXPENSIVE CARS", among other explicit language. Further, a track called *Rosetta Stoned* on the *Tool - 10,000 Day* CD contains lyrics as follows: "...and me yelping 'holy fu****' sh**!" and "...I pissed my fu**** pants!!" and "God Da**. Sh** the bed again," amongst other explicit language. In addition, the CD included 3-D glasses in its packaging to view nude images in the CD contents which included nudity.

25.     Plaintiff ACREE purchased the *Power Mix* CD as a Christmas present for her 7 year old nephew and in reliance of Defendant's implied and/or express representations that the CD contained no explicit language, and/or omissions that the CD had no "explicit content".

26.     Plaintiff HORNE purchased the *Tool - 10,000 Days* CD for her 4 year old granddaughter because she was attracted to the CD by the cover which showed a picture of "eyes" and the 3-D glasses being provided with the CD. Plaintiff HORNE relied on Defendants' representations that they did not sell CDs containing explicit language. After returning home with the CD and listening to same with her granddaughter HORNE telephoned WAL-MART to complain. Plaintiff, HORNE explained that the CD contained explicit content and images, requested a refund, and requested that the CD be removed from the shelves. WAL-MART refused to give HORNE a refund.

27.     Plaintiff MAYNE's 7 year old son purchased the *Tool - 10,000 Days* CD because he too was attracted to the CD by the cover which showed a picture of "eyes" and the 3-

D glasses being provided with the CD. Plaintiff MAYNE relied on representations that WAL-MART did not sell CDs containing explicit language. After listening to the CD, MAYNE immediately called WAL-MART to complain and was informed that WAL-MART could not take back opened CDs. Mrs. MAYNE, thereafter, spoke to the main store manager, Jim Strickland, who apologized to the Plaintiff. Mrs. MAYNE expressed her concerns that the CD was sold directly to a little boy, that the content was inappropriate and that it should be removed from the shelves so that other children could not purchase the CD. Mr. Strickland stated that this should not have happened and that he would speak to his "Anderson Man" regarding the CD. Although WAL-MART had been advised as to the explicit language and images in the *Tool - 10,000 Days* CD, Mrs. MAYNE returned to the WAL-MART store approximately two weeks later and the CD, which violated WAL-MART's own policies and practices, was still on the shelves being sold.

28. Notwithstanding WAL-MART's policy of refusing to sell CDs with explicit language, the *Power Mix* and *"Tool - 10,000 Days"* CDs remain stocked on the shelves of WAL-MART stores throughout Illinois and Alabama, and throughout the nation without any "Parental Advisory Warning" violation of the standards of the recording industry.

29. The Plaintiff, the Class and the Defendants stood in a relationship to one another with respect to Defendants' CD's, and the CD's not having explicit content, whereby there is imposed upon the Defendants by public mandate, an obligation of reasonable conduct for the benefit of the Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves and on behalf of a class of

-10-

similarly situated persons pursuant to 735 ILCS 52-801, et al. of the Illinois Compiled Statutes.

The class is defined as follows:

All individuals in the United States who purchased a music recording from a Wal-Mart store and/or downloaded a song on the internet by Wal-Mart that contained explicit lyrics and the explicit lyrics were not censored or removed on the actual music recording purchased and/or song download and which did not contain a "Parental Advisory Label - Explicit Content" warning either on the music recording or on the download.[4]

31. Upon information and belief, members of the class number in the hundreds of thousands.

32. Members of the class are so numerous that joinder of them is impracticable.

33. There are numerous questions of law and fact common to the class. Such common questions include, but are not limited to:

(A) whether the *Power Mix* CD, the *Tool - 10,000 Days* CD or other CDs being sold at WAL-MART stores have songs containing lyrics that are, in fact, explicit and explicit images;

(B) whether the failure to notify the Plaintiff and the Class that WAL-MART stores sell CD's that contain explicit lyrics and images is negligent, a breach of warranty and a breach of a third party beneficiary contract.

(C) the contractual relationship between the parties;

(D) the applicability of Illinois' version of the Uniform Commercial Code concerning express/implied warranties to this action.

34. Plaintiffs are members of the class and their claims are typical of other class

_____

[4]The terms *music recordings* and *CDs* as used herein are defined as "one or more songs or records, including, but not limited to cassette audio tapes, compact discs and/or other music."

-11-

members' in that they purchased a copies of CDs from WAL-MART which contained no

"Parental Advisory Label" and which contained explicit language.

35.     Plaintiffs are adequate representatives of the class' interests in that they will

vigorously pursue this action on behalf of the entire class, have no conflicts with the class, have

interests completely coincident with the class' interests and have retained experienced class

counsel.

36.     Questions of law and fact common to the class, including the legal and factual

issues relating to the distribution of the goods described herein by Defendants and the liability

and the nature of the relationship among the parties, predominate over any questions affecting

only individual members.

37.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy: the class is definable, and the number of CDs sold can be easily

identified by examination of Defendants' records; prosecution of this case as a class action will

eliminate the possibility of repetitious litigation and will provide redress for claims which

otherwise may be too small to support the expense of individual, complex litigation against the

Defendant; there are no problems which would make this case difficult to manage as a class

action.

## COUNT I

## BREACH OF THIRD PARTY BENEFICIARY CONTRACT

38.     Plaintiffs reallege and incorporate paragraphs 1 through 37 as paragraphs 1

through 37 of this Count I.

39.     The Defendants entered into an agreement whereby ANDERSON, on behalf of

WAL-MART would among other things, monitor, manage and edit the sale of its CDs for "explicit content".

40. The Plaintiff and the Class were the express and/or intended beneficiaries of the Defendants' contract in that Defendants would not sell CDs that contain "explicit content" to the consuming public, and/or Plaintiffs and the Class had a reasonable expectation that the CDs they purchased would not contain "explicit content".

41. Defendants breached the third party beneficiary contract by the sale of CDs with "explicit content" to the Plaintiffs and the Class.

42. Plaintiffs have been damaged as a result of said breach.

COUNT II

(ALTERNATIVELY)

UNJUST ENRICHMENT

43. Plaintiffs reallege and incorporate paragraphs 1 through 42 as paragraphs 1 through 42 of this Count II.

44. Defendants by their acts and omissions described herein (e.g. allowing CDs to be sold that it knew or should have known contained explicit content but that did not contain an "explicit content" warning label) have wrongfully appropriated, retained or otherwise possessed funds that rightfully in justice and equity belong to Plaintiffs and the class, all to the Defendants' unjust enrichment and damage and detriment to the Plaintiffs and the class.

45. Defendants should be required to disgorge all sums received from Plaintiffs and the class as a result of these acts and/or omissions. Lastly, Plaintiffs and the class are entitled to the imposition of a constructive trust on Defendants' net assets and revenues in an amount

-13-

sufficient to provide to the Plaintiffs and the class the damages that have accrued alleged herein and throughout.

## COUNT III

## BREACH OF IMPLIED AND EXPRESS WARRANTIES

46. Plaintiffs reallege and incorporate paragraphs 1 through 45 as paragraphs 1 through 45 of this Count III.

47. Defendant, WAL-MART warranted both expressly and/or implicitly under the Uniform Commercial Code, §§ 2-313 and 2-314, that the music it sold did not contain "explicit content" both by censoring the "explicit content" from its free samples for the public and in its policy of not selling CDs with "explicit content" warning labels.

48. Defendant, WAL-MART breached this warranty and the product did not conform to the warranties. Further, WAL-MART continued the breach of this warranty by not removing the product that did not conform to the warranties from shelves after being put on notice that said product did not conform to WAL-MART practice and policy.

49. Defendant, WAL-MART caused damages to Plaintiffs as alleged herein and throughout.

## COUNT IV

## DECLARATORY RELIEF

50. Plaintiffs reallege and incorporate paragraphs 1 through 49 as paragraphs 1 through 49 of this Count IV.

51. Plaintiffs and the class are entitled to a declaration that Defendants breached their duties and obligations to Plaintiffs and the class members through its sale of CD's by failing to

-14-

sufficiently and timely notify consumers of the "explicit content" of an album or CD sold in the stores and endorsed as explicit free.

52.     Plaintiffs and the Class have an interest in the subject matter, and an actual controversy exists as to the Defendants' sale of "explicit content" CDs which requires the Court adjudicate the rights of the parties and make a binding judgment thereon.

## COUNT V

## NEGLIGENCE

53.     Plaintiffs reallege and incorporate paragraphs 1 through 52 as paragraphs 1 through 52 of this Count V.

54.     Defendants have an express and implied duty to disclose the "explicit content" of its CD's, particularly in that Defendant, WAL-MART monitors, manages and edits the CD explicit content by and through ANDERSON.

55.     Defendant, WAL-MART individually and Defendant ANDERSON, as WAL-MART's agent, breached their duty by failing to monitor, manage and edit its CDs for "explicit content" and selling same.

56.     That as a direct and proximate cause of Defendants' conduct, the Plaintiffs and the Class have been damaged in an amount equal to no less than the price of the CDs, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     Certification of the class under Rule 735 ILCS 5/2-801, et al. of the Illinois Rules of Civil Procedure;

B.     A declaration of the rights of the parties;

C.   An award of equitable relief to class members, including an order requiring

Defendants to render to class members (i) all damages resulting from the

Defendants' malfeasance including but not limited actual damages to the

respective consumer and (ii) other equitable relief to which Plaintiffs and the class

members may be shown to be entitled;

D.   Awarding to Plaintiffs and the class members all other remedies that equitably and

reasonably flow from Defendants' breach of third party beneficiary contractual

obligations;

F.   Awarding to Plaintiffs and the class members attorney's fees, costs, disbursements

and pre and post judgment interest; and

G.   Awarding such other and further relief as the Court appears just, equitable and

proper.

BRENDA ACREE, DEBRA HORNE, and
BARBARA MAYNE, on behalf of themselves and
all other persons and entities similarly situated,

By: _____

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph
Suite 1430
Chicago, Illinois 60606
312/346-7950
Atty. No. 22873

-16-

# EXHIBIT B

| 2120 – Served | 2121 – Served |
|---|---|
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| SUMMONS | ALIAS - SUMMONS     CCG N001-10M-1-07-05 (                    ) |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION**

(Name all parties)

BRENDA ACREE, DEBRA HORNE and BARBARA MAYNE, on behalf of themselves and all other persons and

entities similarly situated,

v

WAL-MART STORES, INC , a DE corporation and
ANDERSON MERCHANDISERS, LP, a DE corporation

**06CH19481**

NO. _____

PLEASE SERVE:

Wal-Mart Stores, Inc.
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE   19801

ANDERSON MERCHANDISERS, LP
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE   19801

**SUMMONS**

To each Defendant

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location

☑ Richard J Daley Center, 50 W Washington, Room ___802___ , Chicago, Illinois 60602

| ☐ District 2 – Skokie | ☐ District 3 – Rolling Meadows | ☐ District 4 – Maywood |
|---|---|---|
| 5600 Old Orchard Rd | 2121 Euclid | 1500 Maybrook Ave |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 – Bridgeview | ☐ District 6 – Markham | ☐ Child Support |
| 10220 S 76th Ave | 16501 S Kedzie Pkwy | 28 North Clark St , Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT

To the officer.

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service  If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date

Atty. No  22873

Name  Larry D Drury, Ltd

Atty. for  Plaintiffs

Address  205 West Randolph, Suite 1430

City/State/Zip  Chicago, IL 60606

Telephone:  312/346-7950

Service by Facsimile Transmission will be accepted at _____

WITNESS, September 19 2006

_Dorothy Brown_
Clerk of Court

Date of service _____
(To be inserted by officer on copy left with defendant or other person)

_____ _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT C

*Mail   Mark Taylor*
*Robert*
*Stephen)*

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/11/2006
Log Number 511550968

**TO:**   Sheron Young, Operations Manager Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR, 72716

**RE:**   **Process Served in Delaware**

**FOR:**   Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brenda Acree, Debra Horne and Barbara Mayne, on behalf of themselves and all other persons and entities similarly situated, Pltfs. vs. Wal-Mart Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Certificate of Service, Motion(s), Exhibit |
| **COURT/AGENCY:** | Cook County Circuit Court, IL<br>Case # 06CH19481 |
| **NATURE OF ACTION:** | Motion for Preservation of Documents and Motion for Class Certification |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 10/11/2006 postmarked on 10/03/2006 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Larry D Drury<br>Larry D Drury, Ltd.<br>205 West Randolph<br>Suite 1430<br>Chicago, IL, 60606<br>312-346-7950 |
| **REMARKS:** | Refer to previous log # 511533442 forwarded on 10/04/2006. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790090780962 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE, 19801<br>302-658-7581 |

**RECEIVED**

OCT 12 2006

Legal Intake By:

Page 1 of 1 / JW

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

BRENDA ACREE, DEBRA HORNE and )
BARBARA MAYNE, on behalf of themselves )
and all other persons and entities similarly situated, )
)
        Plaintiff, )
)    No.   06 CH 19481
)
  vs. )
)
WAL-MART STORES, INC., a Delaware )
corporation, and ANDERSON )
MERCHANDISERS, LP, a Delaware )
corporation, )
)
       Defendants. )

## MOTION FOR CLASS CERTIFICATION

NOW COME Plaintiffs, BRENDA ACREE, ("ACREE"), DEBRA HORNE,

("HORNE"), and BARBARA MAYNE, ("MAYNE"), on behalf of himself and all others

similarly situated, by and through their attorneys, LARRY D. DRURY, LTD., and respectfully

move that this Court enter an order certifying and determining that this action may properly be

maintained as a class action.

In support of this motion, Plaintiff states that the Class on behalf of which this action is

sought to be maintained may be defined as follows:

## DEFINITION OF THE PLAINTIFF CLASS

Any and all individuals in the United States who purchased a music recording from a
Wal-Mart store and/or downloaded a song on the internet by Wal-Mart that contained
explicit lyrics and the explicit lyrics were not censored or removed on the actual music
recording purchased and/or song download and which did not contain a "Parental
Advisory Label- Explicit Content" warning either on the music recording or on the
download.

1.  Common questions of law or fact include, in part:

A.  Whether the *Power Mix* CD, the *Tool - 10,000 Days* CD or other CD's being sold at Wal-Mart stores have songs containing lyrics that are, in fact, explicit and explicit images;

B.  Whether the failure to notify the Plaintiff and the Class that Wal-Mart stores sell CD's that contain explicit lyrics and images is negligent, a breach of warranty and a breach of a third party beneficiary contract.

C.  The contractual relationship between the parties;

D.  The applicability of Illinois' version of the Uniform Commercial Code concerning express/implied warranties to this action.

2.  The claims and acts of the representative parties are typical of the claims of all members of the Plaintiff Class, Plaintiffs being purchasers of music recordings from Wal-Mart that contained explicit language and/or images from 1996 to the time of trial in this matter.

3.  Plaintiffs further state that the questions of law or fact with respect to the Defendants' conduct are common to the members of the Plaintiff Class and predominate over any questions of individual members.

4.  Class adjudication is superior to all other available methods for adjudication of this controversy, i.e., there are hundreds of thousands of putative Plaintiff Class members who have purchased music recordings from Wal-Mart that contained explicit language and/or images from 1996 to the time of trial in this matter, and separate suits to litigate the legality of Defendants' acts and conduct concerning same would not be in the best interest of judicial economy and efficiency.

-2-

WHEREFORE, Plaintiffs pray that the class of Plaintiffs, as defined herein, be certified

and that they be appointed as class representatives and that Larry D. Drury of Larry D. Drury,

Ltd. be appointed as lead class counsel.

BRENDA ACREE, DEBRA HORNE, and
BARBARA MAYNE, on behalf of themselves and
all other persons and entities similarly situated,

By

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph
Suite 1430
Chicago, Illinois 60606
312/346-7950
Atty. No. 22873

-3-

# EXHIBIT D

**CT CORPORATION**
A WoltersKluwer Company

*Mail Mark Taylor*
*Robert*
*Steuphen)*

**Service of Process**
**Transmittal**
10/11/2006
Log Number 511550968

TO:     Sheron Young, Operations Manager Legal Department
        Wal-Mart Stores, Inc.
        702 SW 8th Street
        Bentonville, AR, 72716

RE:     **Process Served in Delaware**

FOR:    Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brenda Acree, Debra Horne and Barbara Mayne, on behalf of themselves and all other persons and entities similarly situated, Pltfs. vs. Wal-Mart Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Certificate of Service, Motion(s), Exhibit |
| **COURT/AGENCY:** | Cook County Circuit Court, IL<br>Case # 06CH19481 |
| **NATURE OF ACTION:** | Motion for Preservation of Documents and Motion for Class Certification |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 10/11/2006 postmarked on 10/03/2006 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Larry D Drury<br>Larry D Drury, Ltd.<br>205 West Randolph<br>Suite 1430<br>Chicago, IL, 60606<br>312-346-7950 |
| **REMARKS:** | Refer to previous log # 511533442 forwarded on 10/04/2006. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790090780962 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

**RECEIVED**

OCT 1 2 2006

Legal Intake by: _____

Page 1 of 1 / JW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

BRENDA ACREE, DEBRA HORNE and          )
BARBARA MAYNE, on behalf of themselves   )
and all other persons and entities similarly situated,  )
                                         )
                Plaintiff,               )
                                         )          No.    06 CH 19481
        vs.                              )
                                         )
WAL-MART STORES, INC., a Delaware        )
corporation, and ANDERSON                )
MERCHANDISERS, LP, a Delaware            )
corporation,                             )
                                         )
                Defendants.              )

## MOTION FOR PRESERVATION OF DOCUMENTS

NOW COME Plaintiffs, BRENDA ACREE, ("ACREE"), DEBRA HORNE,

("HORNE"), and BARBARA MAYNE, ("MAYNE"), individually and on behalf of all others

similarly situated, by and through their attorneys, LARRY D. DRURY, LTD., and move this

Honorable Court as follows:

1.      On September 19, 2006, Plaintiffs filed their Class Action Complaint seeking

various relief and for the certification of a class as follows:

## DEFINITION OF THE PLAINTIFF CLASS

Any and all individuals in the United States who purchased a music recording from a
Wal-Mart store and/or downloaded a song on the internet by Wal-Mart that contained
explicit lyrics and the explicit lyrics were not censored or removed on the actual music
recording purchased and/or song download and which did not contain a "Parental
Advisory Label- Explicit Content" warning either on the music recording or on the
download.

2.      Defendants were aware of their conduct at all times relevant herein.

3.    Defendants' conduct in this matter raises serious issues in that this case concerns the following:

    A.    Whether the *Power Mix* CD, the *Tool - 10,000 Days* CD or other CD's being sold at Wal-Mart stores have songs containing lyrics that are, in fact, explicit and explicit images;

    B.    Whether the failure to notify the Plaintiff and the Class that Wal-Mart stores sell CD's that contain explicit lyrics and images is negligent, a breach of warranty and a breach of a third party beneficiary contract.

    C.    The contractual relationship between the parties;

    D.    The applicability of Illinois' version of the Uniform Commercial Code concerning express/implied warranties to this action.

4.    Defendants' conduct and their refusal to recognize their culpability and compensate those who have been damaged, raised serious questions regarding future conduct they may take in this matter.

5.    The proper resolution of this litigation, and the rights of the parties, will depend upon documentation generated and maintained by the Defendants regarding the sale and distribution of any and all music recordings that contain explicit lyrics and images

6.    It is no great hardship on the Defendants to maintain the documents relevant to the subject matter of this litigation, since they are already in their actual or constructive care, custody or control, and their retention and preservation would further the interests of justice for all parties concerned.

7.    Many corporations have record retention/destruction policies which set a period of

time during which they retain documents. Even for corporations that do not presently have such

a policy, such a policy could be adopted at any time. An order for the preservation of documents

would prevent destruction of relevant documents under a claim that it was authorized by existing

corporate policy.

WHEREFORE, Plaintiff moves this Honorable Court to enter an order of preservation of

documents in the form attached hereto as Exhibit A or in such other form as this Court deems

appropriate.

Respectfully submitted,

BRENDA ACREE, DEBRA HORNE, and
BARBARA MAYNE, on behalf of themselves and
all other persons and entities similarly situated,

By

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph
Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

-3-

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

BRENDA ACREE, DEBRA HORNE and )
BARBARA MAYNE, on behalf of themselves )
and all other persons and entities similarly situated, )
                                 )
            Plaintiff, )
                                 )     No.    06 CH 19481
     vs. )
                                   )
WAL-MART STORES, INC., a Delaware )
corporation, and ANDERSON )
MERCHANDISERS, LP, a Delaware )
corporation, )
                                   )
            Defendants. )

### ORDER

THIS CAUSE COMING ON TO BE HEARD on the Motion for Preservation of

Documents and the Court being duly advised in the premises;

IT IS HEREBY ORDERED:

1.      During the pendency of this litigation or until further order of this Court,

Defendants and their respective officers, agents, servants, employees, attorneys and accountants

shall not alter, destroy or otherwise dispose of any "document" relating or relevant to the sale and

distribution of all music recordings by Wal-Mart containing explicit language and images, as

alleged in the Class Action Complaint, in the actual or constructive care, custody or control of

each such party from the date of entry of this Order forward, wherever such document is

physically located.

                                                             EXHIBIT A

2.    The term "document" and the scope of this Order shall have the meaning ascribed in Rule 201(b) of the Illinois Supreme Court Rules and shall, without limiting the generality of the foregoing, include the original and any non-identical copies thereof of any writing, drawing, map, blueprint, film, chart, photograph, audio and video tape recordings and transcripts thereof, and retrievable data, whether electromechanically or electromagnetically recorded and other data compilations from which information can be obtained relating or relevant to the sale and distribution of music recordings by Wal-Mart containing explicit language and images, including but not limited to emails, notices, memoranda, diaries, minutes, purchase records, purchase invoices, correspondence, computer storage, tapes, computer storage cards or disks, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations and other formal and informal writings or tangible preservations of information.

3.    Defendants shall be responsible for providing notice of this Order to their respective officers, agents, servants, employees, attorneys and accountants, and shall be responsible for compliance with this Order by such persons.

4.    If counsel are unable to resolve disputes regarding the scope or implementation of this Order, any party may apply to the Court for clarification or relief from this Order upon reasonable notice. All documents which are the subject to such disputes shall be preserved

pending a ruling by the Court.

Dated:_____

                                                ENTER:

                                                _____

LARRY D. DRURY
LARRY D. DRURY, LTD.
205 West Randolph, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BRENDA ACREE, DEBRA HORNE and<br>BARBARA MAYNE, on behalf of<br>themselves and all other persons<br>and entities similarly situated | )<br>)<br>)<br>) |
| | )<br>) No. 06 CH 19481 |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| WAL-MART STORES, INC.,<br>a Delaware corporation, and<br>ANDERSON MERCHANDISERS, LP,<br>a Delaware corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF FILING

TO:    Wal-Mart Stores, Inc.               Anderson Merchandisers, LP
       c/o The Corporation Trust Company    c/o The Corporation Trust Company
       1209 Orange Street                   1209 Orange Street
       Wilmington, DE 19801                 Wilmington, DE 19801

PLEASE TAKE NOTICE that on the 3rd day of October , 2006, I caused to be filed with the Clerk of the above-captioned Court, Room 802, Plaintiffs' Motion for Preservation of Documents and Motion for Class Certification, copies of which are herein served upon you.

_____
Plaintiffs' Counsel

Larry D. Drury
LARRY D. DRURY LTD.
205 W. Randolph, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Plaintiffs' Motion for Preservation of Documents and Motion for Class Certification were served upon the parties of record and /or upon counsel of record, on October 3, 2006, by US mail, first class.

*M. Malicay*

Marlo M. Malicay

2

# EXHIBIT F

Case Information Summary for Case
Number
2006-CH-19481

Case Type: CLASS
ACTION

Filing Date: 9/19/2006
Division: Chancery Division
Ad Damnum: $0.00

District: First Municipal
Calendar:

## Party Information

| **Plaintiff(s)** | **Attorney(s)** |
|---|---|
| ACREE BRENDA | DRURY LARRY D |
| | 205 W |
| | RANDOLPH#1430 |
| | CHICAGO IL, 60606 |
| | (312) 346-7950 |
| | |
| IIORNE DEBRA | |
| | |
| MAYNE BARBARA | |

| **Date of Service** | **Defendant(s)** | **Attorney(s)** |
|---|---|---|
| | ANDERSON MERCHANDISERS LP | |
| | WAL MART STORES INC | |

## Case Activity

If data does not appear in a specific field, we likely do not have the responsive data in our master database.