IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA ACREE, DEBRA HORNE, AND )
BARBARA MAYNE, on behalf of themselves )
and all other persons and entities similarly )
situated, )
        Plaintiffs )    No. 06 C 6007
        )
       v. )    The Honorable William J. Hibbler
        )
WAL-MART STORES, INC., AND ANDERSON )
MERCHANDISERS, LP, )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

A group of dissatisfied customers bring a five-count Complaint against Wal-Mart Stores, Inc. and one of its merchandisers, Anderson Merchandisers, LP. The Plaintiffs' grievance: Wal-Mart sold them music which contained no parental advisory label or other warning but nonetheless contained explicit lyrics or images. The Plaintiffs claim, among other things, that Wal-Mart promised not to sell such music, and therefore breached an express warranty. Wal-Mart and Anderson move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

After a complaint and answer, a party can move for a judgment on the pleadings, which the Court reviews under the same standard as it reviews motions to dismiss. Fed. R. Civ. Pro. 12(c); *See Pisciotta v. Old. Nat'l Bancorp*, 499 F.3d 629, 633-34 (7th Cir. 2007). That standard, recently modified by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964-69, 167 L.Ed.2d 929 (2007) and clarified in *Erickson v. Pardus*, — U.S. —, 127 S.Ct. 2197, 2200, 167 L.Ed. 2d 1081 (2007), now requires a complaint to provide notice of the claim and the grounds on which it rests and also to contain sufficient allegations based on more than speculation to state a claim to relief

1

that is plausible on its face. *St. John's United Church of Christ v. City of Chicago*, No. 05-4418, 2007 WL 2669403, — F.3d — (7th Cir. Sep. 13, 2007) (citing *Bell Atlantic Corp.*, — U.S. —, 127 S.Ct. at 1965); *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp.*, — U.S. —, 127 S.Ct. at 1964-65).[1] The Court must still accept factual allegations as true, and draw reasonable inferences in favor of the plaintiffs. *St. John's United Church of Christ*, — F.3d —, 2007 WL 2669403, at *7.

Wal-Mart and Anderson argue that the Plaintiffs have provided only bare assertions but do not identify any factual details about the alleged warranty — such as an advertisement, a public relations announcement, a press release, or anything "contractual in nature." *See* Def. Wal-Mart Reply Br. at 5. *Bell Atlantic Corp.*, however, did not usher in a fact-pleading era where plaintiffs must provide the who, what, when, and why details of their claims. The notice pleading standard of Rule 8 remains intact. *See Concentra Health Serv., Inc.*, 496 F.3d at 779-80. Indeed, the Seventh Circuit has noted that a claim that "'I was turned down for a job because of my race'" meets the standard set forth in *Bell Atlantic Corp*. *See Id.* at 781-82. Though Plaintiffs' allegations are sparse they have pleaded that Wal-Mart has made an express promise not to sell music containing "explicit lyrics." *See* Compl. at ¶¶ 18, 47.

---

[1] Plaintiffs contend that Defendants "surprised" them unfairly by citing *Bell Atlantic Corp.* in their reply briefs. The reason for that, however, is simple. The Supreme Court decided *Bell Atlantic Corp.* on May 21, 2007, six days after Wal-Mart filed its brief. Plaintiffs had ample opportunity to brief *Bell Atlantic Corp.* in their response, but chose not to. Now, Plaintiffs suggest that the Supreme Court has yet to indicate whether courts should retroactively apply the standard set forth in *Bell Atlantic Corp.* to complaints filed before the Court's decision. This suggestion, however, makes no sense. *Bell Atlantic Corp.* did not amend a rule of Civil Procedure (indeed, the Seventh Circuit has cautioned that the notice pleading standard of Rule 8 remains in effect, *see, e.g., Concentra Health Serv., Inc.*, 496 F.3d at 776, *Lang v. TCF Nat'l Bank*, No. 07-1415, 2007 WL 2752360, at *2 (7th Cir. Sep. 20, 2007)). It amended the standard by which courts must apply that rule. It is the law of the land and this court must follow it.

Still, plaintiffs may plead themselves out of court. *Vincent v. City Colleges of Chicago*, 485 F. 3d 919, 924 (7th Cir. 2007). Wal-Mart argues that has happened here. Plaintiffs allege that they purchased CDs at various Wal-Mart stores, none of which contained parental advisory labels, but all of which contained allegedly explicit lyrics. *See* Compl. at ¶¶14-17, 25-27. Plaintiffs claim that by selling them the CDs with allegedly explicit lyrics, Wal-Mart violated an express warranty not to sell music with explicit lyrics.[2]

In a lengthy pre-amble to their Complaint, however, Plaintiffs refer to Wal-Mart's "very well known, self-promoted and public policy of not selling compact discs that contain 'Parental Advisory-Explicit Content' labels." *See* Compl. at 1. Plaintiffs go on to describe the policy, in light of a prior lawsuit against Wal-Mart, and quote it as it appears on Wal-Mart's website. That policy states that Wal-Mart does not carry CDs "designated with the Parental Advisory Label," that Wal-Mart will sometimes carry edited versions of such recordings, but that "the use of the Edited notice does not necessarily mean that all content that listeners might find objectionable has been removed from the recording," and that "Wal-Mary may carry some recordings that some customers might find offensive, indecent, or objectionable." *See* Compl. at 3-4. The policy further encourages parents to review the merchandise their children purchase to ensure it meets their standards. *Id.* In short, then, according to the Plaintiffs, in its policy Wal-Mart promises not to sell CDs with parental advisory labels, but also

---

[2] Plaintiffs also claim that the sale of the CDs caused a breach of the implied warranty of merchantability because the CDs were not fit for their "ordinary purpose" of playing music free of explicit content. *See* Pl. Resp. at 6. Plaintiffs seek to twist the meaning of the word "ordinary" and argue in essence that an "ordinary purpose" is equivalent to a particular purpose of a particular consumer. Such a definition stands the meaning of "ordinary" on its head. The ordinary purpose of a CD is to play music, and Plaintiffs have pleaded that the CDs did play music, and so cannot claim a breach of the implied warranty of merchantability. *Oggi Trattoria and Caffe, Ltd v. Isuzu Motors Am., Inc.*, 372 Ill. App. 3d 354, 360-61, 865 N.E.2d 334, 340-41 (2007).

3

expressly *warns* parents that CDs without such labels might contain offensive language. Wal-Mart argues that Plaintiffs' decision to include the language of the policy demonstrates that they cannot support their breach of warranty claims.

Plaintiffs now claim that the policy, quoted in full by themselves, "is not the affirmation that gives rise to [their] warranty claim." *See* Pl. Resp. at 4. This argument, however, is non-sensical. The promise is the only promise the Plaintiffs chose to include in their Complaint, and is quoted in full. *See* Compl. at ¶ 22. Plaintiffs further indicate that the quoted passage contains the affirmation on which their claim rests when they later paraphrase the policy, alleging that Wal-Mart's well-known policy is to refuse to sell CDs that "contain a 'Parental Advisory - Explicit Content' label." *See* Compl. at ¶ 22. They reference the quoted passage yet again when they allege that "Wal-Mart warranted both expressly and/or implicitly . . . that the music did not contain 'explicit content' *in its policy of not selling CDs with "explicit content" warning labels.*" *See* Compl. at 47 (emphasis added). In other words, Plaintiffs not only have printed, in full, a Wal-Mart policy concerning CDs with explicit lyrics, but have also repeatedly and explicitly referenced that policy in multiple places of the Complaint. They cannot undo those references by suggesting they instead intend to rely upon some previously unmentioned policy.

In a breach of an express warranty action, a plaintiff must show a breach of an affirmation of fact or promise that was part of the basis of the bargain. *Oggi Trattoria and Caffe, Ltd v. Isuzu Motors Am., Inc.*, 372 Ill. App. 3d 354, 360, 865 N.E.2d 334, 340 (2007). Because the action lies in contract, the language of the contract controls the rights and obligations of the parties. *Id.* Here, the policy on which Plaintiffs rely expressly states that some CDs that do not contain advisory labels might nonetheless contain explicit lyrics and warns parents to investigate independently whether the CDs met their personal standards. The only express promise Wal-Mart makes is to avoid selling CDs containing

warning labels from the Recording Industry Association of Artists. Plaintiffs admit in their pleadings that the CDs they purchased contained no such parental advisory labels. Accordingly, the Plaintiffs express warranty claim (Count III) fails because they have pleaded themselves out of Court.

The remainder of Plaintiffs' claims can be quickly disposed of. In Count I, Plaintiffs claim that Defendants breached a third-party beneficiary contract, arguing that the contract between Anderson and Wal-Mart required Anderson to screen the CDs it distributed to Wal-Mart for explicit content. There is a strong presumption that the parties to a contract intend it to apply to them, and only them. *F.H. Paschen/ S.N. Nielsen, Inc. v. Burnham Station, LLC*, 372 Ill. App. 3d 89, 96, 865 N.E.2d 228, 235 (2007). In order for a third party to have rights under a contract, it is not sufficient that the third party will reap incidental benefits from a contract. Instead a third party must receive a direct and intended benefit in order to have rights under a contract. *Id.* That is not the case here. The contract between Anderson and Wal-Mart[3] makes no mention of any third-party beneficiaries. Nor does it contemplate that Anderson undertook a responsibility for monitoring the content of the CDs. Accordingly, the Court grants Wal-Mart's and Anderson's motion for judgment on the pleadings with regard to Count I.

In Count V, Plaintiffs claim that Defendants are liable under a theory of negligence. The *Moorman* doctrine bars recovery in negligence where no physical injuries have occurred. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 435 N.E.2d 443 (1982). Plaintiffs seek damages only for their economic loss (*see* Compl. at 56) and thus the *Moorman* doctrine bars their negligence claim.

---

[3] Plaintiffs' complaint makes explicit reference to the contract between Anderson and Wal-Mart, which is also central to their claim. Therefore, though Plaintiffs have not submitted the contract, Defendants are permitted to do so (and the Court permitted to consider it) without converting their 12(c) motion into one for summary judgment. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

In Count II, Plaintiffs seek to recover under a theory of unjust enrichment. But an unjust enrichment claim cannot survive where a contract governs the parties' relationship. *F.H. Prince & Co., Inc. v. Towers Fin. Corp.*, 275 Ill. App. 3d 792, 656 N.E.2d 142 (1995). The pleadings unequivocally indicate that a contract governs the parties relationship, and thus the Plaintiffs' unjust enrichment claim must fail.

Finally, Plaintiffs seek declaratory relief (Count IV). This claim rests entirely on Plaintiffs claim that Defendants breached an express warranty not to sell music with explicit content. Further, it does not relate to future conduct — the sale of the CDs with allegedly explicit content has already occurred.

For the foregoing reasons, the Court grants Defendants motions for judgment on the pleadings. IT IS SO ORDERED.

10/29/07
Dated

Hon. William J. Hibbler
United States District Court